# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF FLORIDA

PRESTON LEWIS

Plaintiff

Vs.                                CASE NO: 3:22-cv-22608-MCR-HTC

BARRONS PROPERTY MANAGERS INC.

LEGENDARY SALES INC.

ERIC GLEATON REALTY.

LEANNA SAMAY IN HER INDIVIUAL CAPACITY

DONNIE G. BARNES

Defendants

FILED USDC FLND PN
FEB 23 '23 PM1:16

# AMENDED COMPLAINT
# DEMAND FOR JURY TRIAL

Preston Lewis alleges as follows:

# NATURE OF ACTION

1. Preston Lewis brings this action to enforce the provisions of the Fair Housing Act, as amended (FHA), 42 U.S.C. 3601 et seq.

2. This action is brought under 42 U.S.C. 3613(a), (b), (c), on behalf of Preston Lewis

# JURISDICTION AND VENUE

3. This court has jurisdiction over this action under 42 U.S.C. §1983 42 U.S.C. 3613 (a), (b), (c),

4. The Venue is proper in this district under  28 U.S.C. 1331, 28 U.S.C. 1391(b) (1) (2) because the actions or omissions giving rise to the claim occurred in the Northern District of Florida.

# THE SUBJECT PROPERTY AND THE

# DEFENDANT

5.

6. Barrons Property Mangers Inc. oversees managing 405 Schubert Drive apartment # D which is within a duplex apartment of ten residential units sitting west of Davis Hwy. Four units containing side by side duplex residential units sits on the front street of 405 Schubert Drive and one unit containing a side-by-side duplex residential units apt# C apt# D sits directly behind residential units apt# A apt# B of the last residential units on the corner. The back duplex residential units #C, #D has a mini parking lot for parking. These residential units are dwellings within the meaning of the FHA, 42 U.S.C. 3602 (b).

7. Barrons Property Mangers Inc. is incorporation in the state of Florida city of Gulf Breeze it looks as if the company was established in 2015 the company amended its articles of incorporation for name change multiple times over the course of seven years the name Barrons Property Mangers Inc. is the current name of the company relevant to this lawsuit.

8. Defendant Barrons Property Managers Inc. established around 2015 rents manages several residential real estate properties in the State of Florida.

9. Barrons Property Mangers Inc. is responsible for managing the partnership and its day-to-day operations.

10. Defendant Leanna Samay worked for or with Barrons Property Management Inc. at the time of these allegations.

# STATEMENT OF FACTS

11. Preston Lewis is a single Male of three daughters who occasionally stays with Preston Lewis.

12. Preston Lewis has been a resident at 405 Schubert Drive apartment D since September 7, 2016.

13. Lewis moved into the apartment under Legendary sales Inc. property managers at the time, who told Lewis to take photos and write down anything that needs fixing, so Lewis won't be charged for something he didn't do and to also fix any issues with the apartment. Plaintiff was contracted on lease of rental from September of 2016 till September of 2017

14. Preston Lewis followed what was instructed of him during the first week of stay, Lewis noticed windows that wouldn't lock and cold air coming from outside also with bugs entering thru small cracks. Plaintiff Preston Lewis then reported the information to Legendary Sales Inc.

15. Before any maintenance was done on the apartment the property owner switched property managers from Legendary sales Inc. to Eric Gleaton Realtors in November of 2019. Not for filling their terms and conditions of the contract or lease.

16. Lewis then was told by Eric Gleaton Realtors that his company is now in charge and any new request could be made with the new property management company.

17. Lewis then made the same request to the Eric Gleaton Realtors whose company is now in charge. Lewis was told that someone would reach out soon regarding maintenance on the apartment.

18. Lewis then waited on the new company Eric Gleaton to get all paperwork together to execute the maintenance problems on the apartment. That conversation then went silent after not hearing back from anyone at Eric Gleaton, concerning maintenance. Lewis then complained again after noticing the job went undone.

19. Each time Lewis made a complaint or complained about the maintenance Lewis was then told that he would have a rental increase. After making a complaint about a bedroom window that doesn't lock and a bathroom window that can't be open making it a fire hazard. While being told someone would take care of the problem.

20. Once Eric Gleaton Realtors took over Lewis received new neighbors in 405 apartment # C December of 2019 after the previous renters departed.

21. Once the new neighbors arrived, he and she began to park cars and boats on the lot with multiple cars taking up much of the parking lot.

22. Upon arriving home Lewis sometimes had nowhere to park because of neighbors parking and having company over taking the parking lot.

23. Lewis then complained about the parking in the place where he pays to rent the dwelling at 405 Schubert Drive apartment D. Again, Lewis had no results. Lewis was told that he would have a rental increase when asked about the parking a second time a few months later.  No actions were taken considering the parking at 405 Schubert Drive apartment # D.

24. This went on for around three years on going issue some days its parking some days it's not. The neighbors at 405 Schubert Drive apartment # C would park three cars and a boat parking long ways taking up multiple parkin places Lewis would make complaints by not having a place to park or Lewis's parking would be limited with no parking.

25. The Property managers at Eric Gleaton would tell Lewis that they made the proper adjustments, and the problem would be taking care of. Well after the neighbors at 405 Schubert Dr. apt# C was told to move their cars neighbors at 405 Schubert Dr. apt# A would then bring his cars from in front of his

house where he has two parking places to the back where the neighbors at
405 apt# C just moved their cars he would then fill up those parking places
with two of his own cars leaving two empty parking places in front of his
house. Lewis then asked Eric Gleaton Property managers about how many
parking slots tenants have available for the dwelling in which they rent.
Lewis was told that there are two parking slots per household. Lewis was
told about another Lease in which Plaintiff Preston Lewis said he could not
sign until someone come in and fix the problems that he complained about
multiple times. Any time other tenants had problems in their unit someone
would come to fix the problems Plaintiff would observe.

26. Lewis then made a complaint to Eric Gleaton Realtors again and asked,
"can you do something about the parking," because Preston Lewis would
have company over, and they would have to park in the front of 405
Schubert Drive A&B across the street where Plaintiff Lewis doesn't live and
walk to the back to get to his house. When Plaintiff Preston Lewis did have
company over upon leaving Lewis then would have to walk his company
back to their cars for safety being it was dark with no lighting in the parking
lot.

27. Lewis would have plumbing issues and would call the office to report it,
and no one would come out to fix the problem.  Lewis would ask what

happen only to be told that they forgot to make the call to the plumbing company. Lewis has a certified license plumber friend in which Lewis would rent equipment from Home Depot to get the issues fixed. The problem was an ongoing issue for two to three years. Lewis neighbors in 405 apt# C had the same issue months later in 2021 they reported the issue with the property management company, and someone came to fix their problem two to three times before plumbers were hired to dig up and empty the septic tank. Lewis was then told by the company Eric Gleaton he wasn't lying and there really was something wrong with the plumbing.

28. During those two to three years from 2019 – 2022 Lewis witness his neighbors get multiple issues fixed on their apartments Lewis was afraid to say anything in fear of rent retaliation, Lewis was silent. Lewis then wearing a heart monitor in 2019 said nothing and continued to pay his rent on time. Still no fixing on Lewis's apartment has occurred. At this point Lewis has been in a dwelling with no lock on the bedroom window and a bathroom window that won't open for about six years. During those six years Plaintiff Preston Lewis fell behind on rent once due to covid and asked for a timely period to catch up Lewis was then told that if all the rent wasn't paid that he would have to exit the apartment. Lewis upgraded the bathroom plumbing fixtures upon moving in but nothing else.

29. Around March of 2022 Lewis made a phone call to Eric Gleaton Realtors regarding parking. Reason being the same issues regarding parking were still ongoing from the same neighbors. Lewis was then told that a new Property Manager Company had takin over and Lewis needed to address his problems with the new property management company.  Lewis was told the name of the company "Barrons Property Managers" and was giving a contact number to call. Lewis then contacted the above company and told them about the parking at 405 Schubert Drive unit D as well as the windows. Barrons Property Management told Lewis they are in the process of getting all the information from the prior property management company Eric Gleaton and they would investigate.  Lewis was instructed to take pictures for now send them over and they would look at the situation and adjust if needed Plaintiff Lewis did just that.

30. Plaintiff Preston Lewis was contacted by Defendant Barrons Property Management on March 16 by mail to inform tenants of the new property management company how to create and online portal to file for rent payments through the Barrons property managers app, maintenance request and other documents. The change would take effect April 1, 2022,

31. Barrons Property Managers upon their calling took actions immediately with sending letters to the neighbors who then had a boat on the lot parked

sideways taking up multiple parking slots. Barrons then had two females come out and look at the apartments take pictures of dwellings outside and inside by that time Lewis had minor problems with the kitchen fixtures and cabinets. Barrons Property Managers after leaving sent someone out to look at Lewis windows immediately.  Lewis was told by the guy who was supposed to install the new windows after looking at the rest of the windows that he needed to talk to the owner because he knew her personal and to see if they could get a bedroom window out installed by next week, but he doesn't think she will agree to having the bathroom window redone since it would cost too much maintenance.

32. Defendant Barrons property managers Inc. sent someone out right away to fix minor plumbing issues concerning the kitchen sink and cabinet knobs in the kitchen. Cabinet knobs was replaced but cabinets still not working properly.  While still present the maintenance man asked about the parking and begin to draw parking lines where people could park and said that he won't be assigning any parking places but hopes everyone respects each other and are able to work things out concerning the parking.

33. Lewis waited for about two to three months for the window install but never heard anything back from the window guy who works for Defendant Barrons Property Management Inc. Lewis then decided to contact Barrons

property managers thru portal because Lewis stove went out. Plaintiff

Preston Lewis only uses the portal to request maintenance since the portal

doesn't except Lewis credit cards or debit cards. Plaintiff Lewis checking on

the outcome of the window also asked again cam they do something about

the parking. After giving the letter to Lewis's neighbor about his boat in 405

Schubert drive apt# C other neighbors in 405 Schubert drive apt# A pulled

his cars around to the back again parking his truck long ways again taking

up multiple parking places along with his car while having empty parking

slots in front of his dwelling where he pays to rent.

34. Lewis was instructed thru portal to list a phone number in which he could

be contacted and the time in which he could be available Lewis did that and

someone contacted Lewis later then the time listed in the portal Lewis

missed the call no big deal, Lewis then called the number back later. Lewis

assumes the call may have been placed after business hours being no answer

or answering machine to alert anyone of who number it was. Lewis had no

clue that the number was from the guy coming to look at the stove.

35. On September 15, 2022, Lewis decided to reach back out to Barrons

Property Management Inc. regarding to parking, windows, and the stove by

phone. Plaintiff Preston Lewis asked Defendant Barrons to see if his email

had been received about the parking windows and stove. Lewis was told that

the stove guy reached out and had no contact with Lewis and that Lewis
could reach back out to the stove guy to have the problems resolved. Lewis
then asked about the windows and parking. Lewis was told by someone at
Barrons Property Managers that the windows was not something they could
not just fix and that they would have to order the windows for the bedroom
and that may take some time.

36. Plaintiff Preston Lewis said no problem after hearing two different stories
one from the window guy who works for Barrons property managers and
one from the worker of Barrons Property managers Inc. who by phone
would not reveal their identity then Lewis asked about the parking nothing
was ever said about the bathroom window and someone from Barrons
Property Management said what's your problem with the parking out there.

37. Plaintiff Preston Lewis replied have you seen the parking out here.
Someone from Barrons Property Managers Inc. said they have seen the
parking, and everything looks just fine. Well things were still the same
concerning the parking when someone from Barrons property managers Inc.
made the quote that the parking was just fine. Plaintiff Lewis then asked
about the parking lines in the parking lot because people were still parking
sideways taking up parking four months after the drawing of the lines. By
tenants who have parking available where those tenants pay to rent. Instead

of using the parking provided to the tenants who have parking available in the dwelling in which the tenants pay to rent they decided that no rules apply to them, and they can park anywhere on the premises.

38. Someone from Barrons Property Managers said Preston what is your problem with the parking out there if you can't find a parking place then you just need to move around until you find a place to park, and to take pictures to send in through portal to show the parking if you have parking issues. Lewis then stated that it wasn't his job and that he's not taking any more pictures because no one does anything about the pictures that was sent to each realtor company on the regular by Plaintiff Preston Lewis, as some was sent to Barrons Property Managers Inc. before Lewis made the call concerning the parking.

39. Plaintiff does not work for any of the above property managers. If a complaint was made it was then on the property managers to check the property to see if the adjustments, they made clear to the tenants was upheld about the parking as well as the windows.  Lewis was then instructed that he had a rental renewal and rent increase nothing about the windows or any request that was made by Plaintiff Preston Lewis and that such documents where sent out to him on September 1, 2022 as well as another on September 14, 2022 through email and if the rental renewal wasn't sign by 12am

September 15, 2022 that the rental renewal was over and that Lewis needed
to vacate the property by October 31, 2022, Lewis then said he seen no such
email and could he come into the office and work out this rental agreement
deal and to show previous pictures of the parking by phone since no one had
seen the property since the parking lines were laid or checked the email in
which Plaintiff Lewis sent out.

40. Lewis then was told no! the rental renewal offer was over  after just telling
him he could sign them but since the conversation wasn't what the property
managers wanted to hear the rental agreement was now over 2 min later and
that he had until October 31, 2022, to move out and clean the apartment
upon leaving.  Lewis then jumped on his phone to look at the email to see if
he missed something Lewis then noticed he didn't miss anything.

41. What Lewis did notice was and email from a private sender by the name
Leanna Samay with a rental renewal two from September 1, 2020, and
another from September 14, 2022, Lewis never click on emails in which he
doesn't recognize due to spam and hackers not only that, but Defendant
Barrons property managers also has rules that was told to tenants by saying
any emails would be from their portal not by personal emails.

42. Plaintiff then asked is that the proper way to inform tenants to vacate a
property thru personal emails. Even if such person does work for the

company in which they never revealed their personal name even on request from Plaintiff Preston Lewis, Plaintiff would have no idea of such emails. If situation like that does or can occur those situations would make a way for any person to email you and tell you to vacate without telling you who they are or what company, they work is not professional for anyone holding any professional title. For companies in compliance (FHA) Fair Housing Act.

43. Plaintiff Preston Lewis then asked why he wasn't properly notified of the rental renewal and was told he should have checked his email and that he couldn't come to the office.  Soon after the phone call ended Lewis exercised his resources on how to resolve this problem. The next day there was and note on Lewis's door about the move out discussion he just had with someone at Barrons Property Managers group.  When Lewis asked for a name so he could identify who was on the phone during the conversation Plaintiff Lewis had with Defendant Barrons property managers Inc. He was told there not giving a name. Plaintiff Preston Lewis has witnessed his neighbors' getting things fixed around their apartment during the time of Barrons Property Managers Inc. take over from Eric Gleaton.

44. A few days after being notified by a note on the door of Lewis dwelling Lewis was then notified by mail with the move out papers.

# FACTUAL ALLAGATIONS

45. At all times during Preston Lewis stay at 405 Schubert Drive Apartment #D
    Lewis has had none of the problems fixed that he complained about for over
    6 years.

46. Plaintiff signed a housing lease with Legendary Sales Inc. who did not
    fulfill their contract of the sign lease by not fixing any of the dwelling need
    of Plaintiff before passing the situation on to the next property managers
    Eric Gleaton Reality.

47. After Eric Gleaton Reality received complaints about plumbing and issues
    with the windows in the dwelling of the Plaintiff as well as the parking, they
    also did nothing to make the situation better by ignoring all of Plaintiff
    claims for  bettering his living situation concerning the dwelling which he
    rented under Eric Gleaton Reality from late 2019 until March of 2022.

48. Donnie G Barnes is said to be the owner of the said above property in which
    he never upgraded any of the property needs when the property was being
    occupied rented by Plaintiff Preston Lewis. As he is the one who hired the
    property managers to oversee such property.

49. LEANNA SAMAY sent out personal emails to tenant to try and inform him
    of rental increase and rental renewal without using the company's email

portal or using the new phone number tenant provided through email in the company's email portal Barrons property Managers Inc. Setting different terms, conditions, or privileges for the sale or rental of a dwelling. Refuse to rent a dwelling.  To make, print, or publish, or cause to be made, printed, or published any notice, statement, or advertisement, with respect to the sale or rental of a dwelling.

50. At all times from March of 2022 till the remainder of the time Plaintiff Preston Lewis was renting out the dwelling Barrons Property Managers Inc. was in charge of keeping up the property maintenance of the said above dwellings never issues any contracts to tenant only received payments and told tenant he was on a month to month rent without notifying tenant of such allegations not fixing the units once they were over the property and not properly giving the tenant the right to access their building to negotiate rental increase or the rental renewal. a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling.

51. All neighbors but one in a 10-duplex housing area are of Caucasian decent that had their apartments worked on and was able to park as they please on the property of 405 Schubert Drive units C&D. 405 Schubert drive apt# A

and 405 Schubert drive apt# C would take turns parking making parking unavailable until told to move. Once told to move, whoever wasn't told to move at that moment out of 405 Schubert Drive apt #A or 405 Schubert Drive apt #C would then take up parking again. 405 Schubert drive apt # C has confederate slash American flag hanging out of his front window. Plaintiff has no idea of what that may mean, but maybe if Plaintiff had the same flag, he would have had some service done on his home pronto also.

52. When Preston Lewis asks about or made complaints about dwelling needs, he would then be asked for a rental increase or told he would have to move out.

53. Barrons Property Management follows Fair Housing Act (FHA) which prohibits discrimination by direct providers of housing such as landlords and real estate companies as well as other entities.

54. With no secure windows Lewis lived in fear for his entire time renting.

55. At times Lewis's guest had nowhere to park due to a full a parking lot from people not living on the premises as well as tenants.

56. Plaintiff Preston Lewis would have minor access to his front door due to his neighbor's dog leaving its waste behind and at times on the porch or on the walkway leading up to Plaintiff Preston Lewis front door. No one would clean it up at times leaving Plaintiff the ability not to fully enjoy his

dwelling. When cleanup was done it was by pressure washing knocking off
Plaintiff porch molding on Plaintiff porch when Plaintiff asked his neighbors
can they stop Pressure washing his side of the porch with the pressure
washer making his side of the unit look terrible they would only stop until
Plaintiff leaves his dwelling then continue to pressure wash his side of the
porch knocking off his porch molding to the poles holding up the porch.
Plaintiff would notice on his return home.

57. Plaintiff Preston Lewis then asked Barrons about fixing the dwelling and
was told to move out without any hesitation and without properly serving
and eviction notice or notice to vacate.

58. Defendant misrepresented the housing availability information.

59. Discrimination against Americans with Disabilities Act under the ADA
section 504 of the Rehabilitation Act of 1973.

60. Plaintiff Preston Lewis filed claims in the United States District Court
Northern District of Florida to exercise his (FHA) Fair Housing Act rights
giving by the civil rights act. Defendant Donnie G Barnes retaliated against
Plaintiff by taking actions in state court of  Escambia County Florida to
reclaim premises. After the court proceedings was given Plaintiff received a
24-hour notice to vacate or be jailed for trespassing Escambia County sheriff
Office.

61. Six days after Plaintiff Preston Lewis vacated the premises while going to check his mail Plaintiff notice new bedroom windows installed. In which Barrons Property Managers Inc. said it would take some time to order and install on 405 Schubert drive unit D where Plaintiff was just living for six years without locks on his bedroom windows and cracks where air seeps through and bug coming in making his dwelling unlivable according to the (FHA) Fair Housing Act. Also, Plaintiff seen parking spaces with numbered parking for the people living in units 405 Schubert drive C&D only six days after Plaintiff was told to leave with 24-hours to do so.

62. Plaintiff Preston Lewis complained about this for years only for such changes to take place six days after Plaintiff was told to leave. As Plaintiff was told that such units were unavailable for rent which is now getting ready to rent.

# Fair Housing Violations

A. By their conduct above the defendants have discriminated in the terms and conditions or privileges of sale or rental of a dwelling because of family status in violation of 42 U.S.C. 3604.

B. Preston Lewis is aggrieved person as defined in 42 U.S.C. 3602(i) and suffered injuries because of the defendants conduct. Discrimination against Americans with Disabilities Act under the ADA section 504 of the Rehabilitation Act of 1973.

C. discriminatory conduct as authorized by 42 U.S.C. 3612(o) (3), 3613(c )(1) and 3614(d)(1)(B)

63. Defendants conduct described in the preceding paragraphs was intentional, willful, and taken is disregard for the right of others.

### PATTERN OR PRACTICE OF FAIR HOUSING VIOLATIONS

64. A pattern or practice of resistance to the full enjoyment of rights granted by the FHA in violation of 42 U.S.C. 3614(a)

# PRAYER FOR RELIEF

Plaintiff Preston Lewis request that the court enter an order that declares that the defendant discriminatory policies and practices as alleged above violate the FHA.

Stop the discrimination on all basis practice and policies of familial status in violation of the FHA in any aspect of a dwelling. To restore as nearly as practicable to the victim of the defendant unlawful practices to the position they would have been in but for the discriminatory conduct and failing or refusing to

take affirmative steps as may be necessary to prevent the recurrence of any discriminatory conduct in the future.

Award appropriate punitive damages monetary damages to the Plaintiff harmed by the defendant discriminatory conduct as authorized by 42 U.S.C. 3612(o) (3), 3613(c )(1) and 3614(d)(1)(B) Lewis also prays for relief as the interest of justice may require. 75,000 from each Defendant for renting a unit that cost me over time civil rights violations loss of business emotional distress mental stress intentional discrimination.

# JURY TRIAL DEMAND

Preston Lewis demands a trial by jury of all issues so triable pursuant to Rule 38 of the federal rules of civil procedure.

Preston Lewis

5 De Luna Drive

Pensacola, FL 32506

Pzero_850@yahoo.com





23

5 De Luna Dr.

Pensacola, FL 32506

  

U.S. POSTAGE PAID
FCM LG ENV
PENSACOLA, FL
32504
FEB 18 '23
AMOUNT

**$2.22**

RDC 99                    32502                    R2305K133632-37



FEB 23 2023

Northern District Florida

1 N Palafox St.

Pensacola, FL 32502